# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO: 5:04CV89

| | |
|---|---|
| GARY A. SCOTT, et al.,<br>  Plaintiffs<br><br>vs.<br><br>SHARON M. BRUCKMAN, et al.,<br>  Defendants. | )<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Transfer" (Document No. 17) and the "Memorandum of Law in Support" (Document No. 18), both filed September 22, 2004 by Sharon M. Bruckman, Natural Awakenings Publishing Corporation, John Voell, Anna Romano, and John/Jane Does 1-5 (collectively, "Defendants"); the "Response in Opposition to Defendants' Motion ..." (Document No. 20), filed October 6, 2004 by Gary A. Scott, Merri D. Scott and Deerfield L.P. (collectively, "Plaintiffs"); "Defendants' Reply/Motion to Transfer" (Document No. 21), filed October 14, 2004 by the Defendants; the "Response in Opposition to Defendants' Reply" (Document No. 22), filed October 25, 2004 by the Plaintiffs; the "Memorandum of Law in Opposition to Dismissing for Lack of Subject Matter Jurisdiction" (Document 30), filed January 24, 2005 by the Plaintiffs; and the "Defendants' Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Document No. 31), filed January 25, 2005 by the Defendants. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), and the issue of subject matter jurisdiction and the Motion to Transfer are now ripe for disposition.

  Having carefully considered the written arguments and applicable authority, the undersigned finds that the Court has subject matter jurisdiction over this matter. Furthermore, the undersigned

will grant the Motion to Transfer this matter to the Middle District of Florida.

## I.  LEGAL ANALYSIS

### A. SUBJECT MATTER JURISDICTION

Defendants did not formally move for this case to be dismissed for lack of subject matter jurisdiction; they argued in the Motion to Transfer that "either there is no diversity or the case should be transferred." Subject matter jurisdiction is a threshold matter that the Court must address before it considers the propriety of a motion to transfer.  As such, the Court ordered the parties to file supplemental briefs on the issue of subject matter jurisdiction.

In their supplemental brief, Sharon M. Bruckman, Natural Awakenings Publishing Corporation ("National Awakenings"), John Voell, Anna Romano, and John/Jane Does 1-5 (the "Does") argue that the case should be dismissed for lack of subject matter jurisdiction. Specifically, they contend that International Service Center – a named party to the Joint Venture Agreement dated January 16, 2004 – is a necessary and indispensable party under Rule 19(a)-(b) of the Federal Rules of Civil Procedure and should be joined as a plaintiff. Because Ms. Bruckman, Natural Awakenings, Mr. Voell, and Ms. Romano believe that International Service Center – a limited liability company formed by the Scotts under Florida law – should be joined, they argue International Service Center is a citizen of Florida and that its compulsory joinder destroys diversity jurisdiction. Gary A. Scott and Merri D. Scott (the "Scotts") and Deerfield L.P. ("Deerfield"), of course, contend to the contrary, arguing that International Service Center is neither a necessary nor an indispensable party and that the Court has subject matter jurisdiction by virtue of the diversity of citizenship of the parties.

Courts determining diversity citizenship for limited liability companies have consistently held that the citizenship of a limited liability company is the citizenship of all its members. Cosgrove v.

2

Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (stating the rule that the citizenship of an unincorporated artificial entity depends on the citizenship of all the members); GMAC Commercial Credit v. Dillard Dept. Stores, 357 F.3d 827, 829 (8th Cir. 2004) (holding a limited liability company's citizenship is that of its members for diversity purposes); Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); Handelsman v. Bedford Village Ass'ns, 213 F.3d 48, 51 (2nd Cir. 2000) (applying Cosgrove).

Following the reasoning of those courts – the United States Courts of Appeals for the Second, Seventh, Eighth, and Eleventh Circuits – the undersigned concludes as they do that a limited liability company takes its citizenship from the citizenship of all its members. Because the Scotts – who both reside in North Carolina – are the only members of International Service Center, for the purposes of diversity jurisdiction, International Service Center resides exclusively in North Carolina.[1] As such, diversity would be unaffected by the joinder of International Service Center as a necessary and indispensable party. This Court thus has subject matter jurisdiction over the case as it stands today and would retain subject matter jurisdiction even if International Service Center became a plaintiff. Accordingly, the undersigned holds that subject matter jurisdiction exists and that it is appropriate to address the issue of transfer.[2]

---

[1] Unlike a limited liability company, a corporation has dual citizenship in the state of incorporation and in the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1).

[2] Because the Defendants made no formal motion to join International Service Center as a plaintiff, the Court will not address that issue. If the Defendants wish to join International Service Center, they should file an appropriate motion in the Middle District of Florida.

## B. TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA

Ms. Bruckman, Natural Awakenings, Mr. Voell, and Ms. Romano contend that the transfer of this case from the Western District of North Carolina to the Middle District of Florida would best serve the twin interests of convenience and justice. The Scotts and Deerfield, of course, argue to the contrary.

Title 28, Section 1404(a) of the United States Code provides that a district court may

> [f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

A court must consider transfer motions on an individualized, case-by-case basis under § 1404(a). AC Controls Co. v. Pomeroy Computer Res., Inc., 284 F.Supp.2d 357, 360 (W.D. N.C. 2003). Such considerations are made using a multi-factor test. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Factors to be considered by the court include

> the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses; the costs of obtaining attendance of willing witnesses; the possibility of a [jury] view [of the premises]; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that made a trial easy, expeditious, and inexpensive; the administrative difficulties of court congestion; the interest in having localized controversies settled at home; and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.

McDevitt & Street Co. v. Fidelity & Deposit Co. of Md., 737 F. Supp. 351, 354 (W.D. N.C. 1990) (citations omitted). A court's decision on a motion to transfer is to be reached through qualitative analysis of the above-described factors, see id. (citation omitted), and is to be made in its "sound

4

discretion ... in light of all the circumstances of the case." D.P. Riggins & Assoc. v. Am. Bd. Co., 796 F. Supp. 205, 211 (W.D. N.C. 1992) (citation omitted).

If the parties have agreed to a forum selection clause, a court must determine if the clause is valid before addressing the case-specific factors under § 1404(a). AC Controls Co., 284 F.Supp.2d at 360 (citation omitted). While a forum selection clause is presumed valid, that presumption may be overcome by a showing that the clause is unreasonable under the circumstances. Id. In the Fourth Circuit, forum selection clauses are unreasonable when:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Id. (citations omitted).

### Whether the Forum Selection Clause Applies

The Scotts contend that the forum selection clause contained in the Joint Venture Agreement, dated January 16, 2004, does not apply to this claim and should not be part of the Court's transfer analysis. Relying on the Option and Purchase Agreement ("Option Agreement"), also dated January 16, 2004, which does not contain an equivalent forum section clause, and on the dealings of the parties preceding the Joint Venture Agreement, the Scotts argue that the Joint Venture Agreement represents only a portion of the ongoing business relationship between the parties. The Scotts assert that the Joint Venture Agreement is irrelevant to their claim, which they contend is based exclusively on the Option Agreement.

In Nascone v. Spudnuts, 735 F.2d 763 (3rd Cir. 1984), the court rejected the plaintiff's

argument that a forum selection clause contained in the first of two agreements between the parties did not apply because the dispute arose out of the second agreement, which did not contain an explicit forum selection clause. Id. at 773. The Nascone court said the plaintiff was estopped from making this argument because he alleged a breach of both agreements in the pleadings. Id. In enforcing the forum selection clause, the Nascone court also found it significant that both agreements contained a clause applying the law of the state named in the forum selection clause. Id.

The Court notes here that the Complaint alleges a breach of both the Option Agreement and the Joint Venture Agreement; that both agreements contain a clause stating that Florida law applies to any disputes between the parties; and that the Joint Venture Agreement contains a merger clause asserting that the Agreement was to supersede all prior written and oral agreements. Applying the reasoning of Nascone, the Court finds the Scotts' argument that the claim derives solely from the Option Agreement to be unpersuasive and that the conversations cited by the Scotts as distinct are void, in light of the merger clause. For the foregoing reasons, the undersigned concludes that the forum selection clause applies here.

**Whether Enforcement of the Forum Selection Clause is Unreasonable**

The burden is on the party seeking transfer to show that the transferee court is more convenient. If a valid forum selection clause exists, however, the burden shifts to the party opposing enforcement of the clause, who then must show that enforcement of the clause would be unreasonable and unjust. Cable-La, Inc. v. Williams Communications, Inc., 104 F.Supp.2d 569 (M.D. N.C. 1999) (citations omitted).

Arguing that enforcement of the forum selection clause is unreasonable, the Scotts contend

that the contract containing the clause – the Joint Venture Agreement – was induced by fraud. This contention, however, is without merit. Under the law as it exists today, it is immaterial whether a contract containing a forum selection clause is fraudulently induced. Instead, to render the clause unenforceable, the claim of fraud must be directed toward the inducement of the forum selection clause itself. Afram Carriers, Inc. v. Moeykens, 145 F.3d 298 (5th Cir. 1998); Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1138 (6th Cir. 1991) (citation omitted). Here, there is no evidence of fraud related specifically to the formation of the forum selection clause. The undersigned rejects the Scotts' contention – that the clause is unreasonable because the Joint Venture Agreement, as a whole, was induced by fraud – as unavailing.

The Scotts also contend that enforcement of the clause would contravene North Carolina public policy. The Scotts argue this position pursuant to N.C. Gen.Stat. § 22B-3, which states that "any provision in a contract entered into in North Carolina that requires the prosecution of any action ... that arises from the contract to be instituted or heard in another state is against public policy."[3] This statute does not apply here, however, because the agreement containing the forum selection clause, the Joint Venture Agreement, was entered into in Florida. Furthermore, neither the transferee nor transferor state's public policy concerns are dispositive. Instead, even if § 22B-3 were applicable, courts are to incorporate the concerns of both states in their evaluations. Cable-La, Inc., 104 F.Supp.2d at 576-577. The undersigned finds that the forum selection clause does not contravene North Carolina public policy.

---

[3] The Plaintiffs cite "N.C. Gen.Stat. § 223-3" for this proposition. The Court assumes, based on the discussion, that Plaintiffs were referring to § 22B-3, which has been invoked in the past to argue against the enforcement of forum selection clauses in North Carolina. See AC Controls Co., 284 F.Supp.2d at 362; Cable-La, Inc., 104 F.Supp.2d at 576.

To address the remaining considerations regarding the reasonableness of enforcement of a forum selection clause, the Scotts do not contend that the transferee court is so gravely inconvenient that they will be effectively denied their day in court. The Scotts also acknowledge – based on the choice of laws clause in both the Joint Venture Agreement and the Option Agreement – that Florida law governs any suit. Accordingly, the undersigned concludes that the forum selection clause in the Joint Venture Agreement is valid and reasonable.

## 28 U.S.C. § 1404(a) Evaluative Test

After a valid and reasonable forum selection clause is found, the Court still must review the 1404(a) transfer factors, as listed above. When the parties have entered into a valid, reasonable choice of forum provision, however, the burden of persuasion is altered, and the transfer factors are to be viewed with reference to the parties' expressed preference in the forum selection clause. AC Controls Co., 284 F.Supp.2d at 363 (citation omitted).

Because there is a valid, reasonable forum selection clause here, the Scotts must demonstrate that the factors weigh so heavily against transfer that the Court should not hold the Scotts to the clear language of the Joint Venture Agreement. See Cable-la, Inc., 104 F.Supp.2d at 577. The undersigned concludes that the Scotts have failed to meet that burden. Ms. Bruckman has established, and the Scotts have not adequately refuted, that all the named defendants reside in Florida; that all the important corporate, banking, and accounting documents are in Florida; that nearly all of the Defendants' necessary witnesses reside in Florida; that the Plaintiffs' witnesses reside in seven different states, with one in Florida and only two in North Carolina; that neither Florida nor North Carolina has a greater interest in settling localized controversies in this case; and that both parties agree that Florida law governs.

For all the foregoing reasons, the undersigned holds that the convenience of parties and witnesses and the interests of justice require the transfer of this case to the Middle District of Florida.

## II. ORDER

**IT IS, THEREFORE, ORDERED**:

1. That any motion challenging subject matter jurisdiction in the "Defendants' Reply/Motion to Transfer" (Document No. 20) or the "Defendants' Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Document No. 31) is hereby **DENIED**; and

2. That the "Motion to Transfer" (Document No. 17) is hereby **GRANTED** and that this case is transferred to the United States District Court for Middle District of Florida.

**IT IS FURTHER ORDERED** that the other pending motions in this case (Document No. 15, entitled "Motion for Enlargement of Time," and Document No. 23, entitled "Defendants' Motion to Strike Plaintiffs' 'Response to Reply'" ) are **DENIED AS MOOT**.

**Signed: June 15, 2005**

_____
David C. Keesler
United States Magistrate Judge